On Application por Rehearing.
The following statement extracted from the brief of the defendant’s counsel puts very clearly the points on which he places reliance, viz.:
We respectfully submit that the judgment should be corrected by deducting an overcharge for two sacks of rice (which the court has fixed at 1092 sacks, when it was 1090) at $2.57# per sack....................... ......... $5 15
The charge of $5 per sack for 18 sacks ($90) should be reduced to $1.50 per sack, or $27, a reduction of ................................................................. 63 00
There should be a credit given Mr. Weeks for bill of Torian’s he paid Dreyfous ............................................................................................................. 36 00
A bill Mr. Weeks paid for repairs to cart for Torian....................................... 14 00
For bill Mr. Weeks paid Kochs ..................................................................... 8 75 The amount Torian’s rice brought is for 250 sacks marked TM, and claimed by him in his petition and account as specifically his, giving him its best prices for 52 sacks (Trans., p. 330), at $1.50 per sack.................................. 44 28
And for remaining 198 sack* at $L. 10 per sack, 198*224 of $90.............................. 7!) 20
The 22 sacks marked O X, which he claims is at about $2.30 per sack............... 50 60
There were 400 sacks maiked X shipped to account of Torian & Montgomery
(Trans , p. 24), the mean price of the rice marked X we have seen is $1.03 . 412 00 The mean price of the rice markedX O X, of which Torian claims 400 sacks,
we have seen is $2.37# per sack....................................................................... 950 00
The statement with regard to the error of two sacks of rice having *1517 been allowed the plaintiff in excess of the allowance demanded in bis petition is correct.
That is a mere clerical error, and it should be corrected, of course.
The second error assigned with reference to the eighteen (18) sacks of rice that were left on the defendant’s plantation can not be entertained. We think that this item was correctly disposed of in our opinion. In April of-1892 defendant let the plaintiff have fifteen sacks of rice for seed, and charged him ninety-nine dollars and seventy-five cents therefor; that is, at the rate of six dollars and sixty-five cents per sack; and the proposition submitted for our approval is, that for eighteen sacks of rice that plaintiff left on the defendant’s place in December of the same year, the latter should account at the price of one dollar and fifty cents per sack — a difference of five dollars and fifteen cents reduction in value per sack within a period of eight months. This seems anomalous, in view of the fact that defendant demanded and has been allowed the price of two dollars and fifty-seven and one-half cents per sack for the two sacks that were awarded the plaintiff through error.
We think that the defendant has no just ground of complaint of our opinion on this score, allowing the plaintiff only two dollars and fifty-seven and one-half cents per sack, while we at the saíne time approved of the defendant’s demand for six dollars and sixty-five cents per sack sold the plaintiff in April.
The three items of thirty-six dollars, fourteen dollars and eight dollars and seventy-five cents — while not covered by the accounts of the parties nor in the pleadings — may, as a matter of justice, be allowed the defendant. These items aggregate fifty-eight dollars and seventy-five cents.
The remainder of the statement is satisfactorily disposed of in our opinion, and our argument need not be repeated.
Conforming our opinion and decree to the foregoing observations, it is ordered and decreed that the amount awarded the plaintiff be reduced by the sum of sixty-three dollars and ninety cents, and as thus amended and reduced the same be affirmed.
Rehearing refused.